## WHEELER and others vs. KONST.

INSTRUCTIONS: FRAUD. *(1) General rule as to error in failing to give correct instructions. (2) Case stated. (3) Proof of fraud.*

1. Where the court, after refusing particular instructions asked by the defendant pertinent to his defense, fails to give the jury full instructions concerning the ground of such defense, this is error.

2. Thus, in replevin, where defendant claimed under an execution, and part of the goods of the execution debtors were claimed by plaintiffs under bills of sale, and part as their own goods consigned to said debtors or some of them, and the goods levied on were apparently of those claimed to have been so consigned, the judge, after refusing particular instructions asked by defendant bearing on the consignments, charged at length as to the question of fraud in the bills of sale, and as to the consignments merely added that if plaintiffs were the owners of the goods, and had in good faith consigned them to be sold on commission, they were entitled to recover; but did not charge that if the consignments were colorable only, and the goods really sold to or for the use of the judgment debtors, with intent to defraud their creditors, such goods might be taken on defendant's execution. *Held*, error.

3. It seems that, when the question is whether a sale or pretended consignment was fraudulent as to creditors, it is error to charge that "fraud *cannot be inferred*, but must be proved."

APPEAL from the Circuit Court for *Racine* County.

Replevin. Defendant claimed as sheriff, under an execution upon a judgment against John Elkins and George Beemer, constituting the firm of John Elkins & Co. Certain errors in the instructions, which are relied upon by the appellant to reverse the judgment, will appear from the opinion.

The following among other instructions asked by the defendant, were refused:

"Plaintiffs, to show title to the property, have offered in evidence a bill of sale from John Elkins to Hiram J. Smith, and have also given evidence of a mortgage from Beemer & Smith, dated October 16, 1876, and have also offered in evidence a bill of sale by Beemer & Smith to plaintiffs, dated February 24, 1877, and have also given evidence for the purpose of showing that Beemer & Smith, from October 16, 1876, to February 24, 1877, and Douglass & Smith from February 24, 1877, to the present time, were acting as agents for the plaintiffs, selling goods for them on commission, and that the goods in question in this suit were such commissioned goods. Defendant claims that the alleged sales and transfers of the property, from Elkins to Smith, and from Beemer & Smith to the plaintiffs, and the alleged relation of agency of Beemer & Smith and Douglass & Smith, were all entered into by the plaintiffs and Elkins & Beemer and Douglass & Smith for the purpose of placing the property of John Elkins and George Beemer beyond the control of the creditors of John Elkins & Co., and with intent to hinder, delay and defraud such creditors; that the bills of sale from Elkins to Smith and from Beemer & Smith to plaintiffs were void, because no delivery of the property was made, and because they were assignments and transfers of property for the benefit of creditors, and as such were void under the laws of this state; and that the intent of the parties was to give Beemer & Smith the right to sell and use the proceeds of the property which it is claimed was consigned to them to sell on commission.

" If you find that the transfers or consignments by plaintiffs to Beemer & Smith were made for the purpose of enabling them to convert the same into money, and use such money in their business, or to their own use, at the time the goods so consigned were placed in their possession, then any agreement or understanding that plaintiffs should retain any right or title in such property is void, because not in writing and filed in the city clerk's office as provided by ch. 113, Laws of 1873; and your verdict must be for the defendant for all such goods consigned that were taken on such execution."

Plaintiffs had a verdict; a new trial was denied; and defendant appealed from a judgment on the verdict.

*John T. Fish*, for appellant.

*Elbert O. Hand*, for respondents.

RYAN, C. J.  The stock of goods in question was claimed by the respondents by different titles. Part they admitted to have belonged to the judgment debtors, but claimed under bills of sale.  Part they claimed to have consigned for sale on their own account, not sold to the persons in possession or some of them.  The appellant claimed that the whole stock of goods belonged, as against their creditors, to the judgment debtors; and that the bills of sale and the consignments were parts of a device to defraud creditors.  And there was evidence tending to support the claim.

Of course a fraud against creditors might be practiced under color of consignment to the debtor, or to another for his use, as under color of a sale by the debtor.

The particular goods on which the appellant levied his execution, appear to have been part of the goods ostensibly consigned, not sold.  And it is remarkable that the charge of the learned judge of the court below is almost exclusively devoted to the question of fraud in the bills of sale.  In a single sentence only does the charge allude to the consignments.  In that, the jury is instructed that if the respondents were the

owners of the goods, and had in good faith consigned them to be sold on commission, the respondents would be entitled to recover. But the jury is not there or elsewhere instructed that if the consignments were colorable only, and the goods really sold to or for the use of the judgment debtors, with intent to defraud their creditors, the goods consigned might be taken on the appellant's execution. And so it is quite apparent that the charge did not fully submit the cause to the jury.

This error is apparent at the outset of the charge. The learned judge states to the jury that the appellant claims the sales of the goods under which the respondents claim, to be fraudulent and void, and the title to them to be in the judgment debtors, as against their creditors. This is obviously a defective statement of the appellant's claim; defective in a most material particular. The learned judge had refused the particular instructions bearing on the consignments, prayed by the appellant; and the appellant was entitled to have his claim fully stated to the jury. So his counsel appears to have insisted, and excepted to the partial statement. The exception is fatal.

It is proper to remark that the sentence in the charge, "Fraud cannot be inferred but must be proved," is almost, if not quite, within the rule of *Gates v. Hughes*, 44 Wis., 332.

*By the Court.* — The judgment is reversed, and the cause remanded to the court below for a new trial.